1

2

3

4                           IN THE UNITED STATES DISTRICT COURT

5                        FOR THE NORTHERN DISTRICT OF CALIFORNIA

6

7    AARON ASHLEY,                                No. C 12-01618 SBA (PR)

8              Petitioner,                        **ORDER STAYING HABEAS**
                                                  **PROCEEDINGS; DIRECTING**
9         v.                                      **PETITIONER TO FILE QUARTERLY**
                                                  **STATUS REPORTS; AND DIRECTING**
10                                                **CLERK TO ADMINISTRATIVELY**
     TIM VIRGA, Warden,                           **CLOSE THIS CASE UNTIL THE COURT**
11                                                **ISSUES ORDER LIFTING STAY**
               Respondent.
12   _____/

13

14        Petitioner, a state prisoner proceeding pro se, filed a petition for a writ of habeas corpus

15   pursuant to 28 U.S.C. § 2254 and an application to proceed in forma pauperis.  Petitioner has also

16   filed a motion to stay his federal petition while he exhausts his remedies in state court.

17                                      **DISCUSSION**

18        Petitioner has exhausted certain claims in his petition; however, he has failed to exhaust state

19   remedies with respect to his "ineffective assistance claim[s] against [his] appellate counsel for

20   missing powerful meritorious claims."  (Mot. to Stay at 2.)  Therefore, the action must be dismissed

21   as a mixed petition under Rose v. Lundy, 455 U.S. 509, 510 (1982), or in the alternative, Petitioner

22   may elect to delete the unexhausted claims and proceed on the remaining claims.  In his motion for a

23   stay, Petitioner requests that he be permitted to return to state court to exhaust the unexhausted

24   claims.

25        Prisoners in state custody who wish to challenge in federal habeas proceedings either the fact

26   or length of their confinement are first required to exhaust state judicial remedies by presenting the

27   highest state court available with a fair opportunity to rule on the merits of each and every claim

28   they seek to raise in federal court.  See 28 U.S.C. § 2254(b),(c); Rose, 455 U.S. at 515-16.  If

**United States District Court**
For the Northern District of California

available state remedies have not been exhausted as to all claims, the district court must dismiss the petition. Id. at 510; Guizar v. Estelle, 843 F.2d 371, 372 (9th Cir. 1988). A dismissal solely for failure to exhaust is not a bar to returning to federal court after exhausting available state remedies. See Trimble v. City of Santa Rosa, 49 F.3d 583, 586 (9th Cir. 1995).

District courts have the authority to issue stays and the Antiterrorism and Effective Death Penalty Act of 1996 (AEDPA) does not deprive them of that authority. Rhines v. Webber, 544 U.S. 269, 277-78 (2005). The district court's discretion to stay a mixed petition is circumscribed by AEDPA's stated purposes of reducing delay in the execution of criminal sentences and encouraging petitioners to seek relief in the state courts before filing their claims in federal court. Id. Because the use of a stay and abeyance procedure has the potential to undermine these dual purposes of AEDPA, its use is only appropriate where the district court has first determined that there was good cause for the petitioner's failure to exhaust the claims in state court and that the claims are potentially meritorious. Id. Moreover, where granting a stay, the district court must effectuate the timeliness concerns in AEDPA by placing "reasonable limits on a petitioner's trip to state court and back." Id. at 278. Prisoners who may run the risk of having the federal statute of limitations expire while they are exhausting their state remedies may avoid this predicament "by filing a 'protective' petition in federal court and asking the federal court to stay and abey the federal habeas proceedings until state remedies are exhausted." Pace v. DiGuglielmo, 544 U.S. 408, 416 (2005) (citing Rhines, 544 U.S. at 277-78).

Here, it appears that good cause exists for Petitioner's failure to exhaust his claims on direct appeal because his claims could be raised by way of state habeas corpus. Moreover, the claims state cognizable bases for federal habeas relief. This is Petitioner's first habeas petition, and there is no evidence that he seeks the stay for improper purposes. See Fetterly v. Paskett, 997 F.2d 1295, 1301-02 (9th Cir. 1993) (holding that a stay for the purpose of permitting exhaustion of unexhausted claims should be granted only if the claims petitioner seeks to pursue are cognizable under § 2254; there is a likelihood of prejudice to petitioner if the stay is not granted; and there is no evidence that the motion for a stay is brought to delay, vex, or harass, or that the request is an abuse of the writ).

2

1  Additionally, the Court notes that Respondent has yet to file an answer on the merits to the petition.

2  Accordingly, Petitioner's motion to stay the instant petition is GRANTED.

3  **CONCLUSION**

4  For the foregoing reasons, Petitioner's motion to stay the instant petition (docket no. 3) is

5  GRANTED.  These proceedings are hereby STAYED pending Petitioner's exhaustion of his state

6  judicial remedies.  Petitioner must act diligently in exhausting his state judicial remedies, or the stay

7  may be lifted.  He must file quarterly reports describing the progress of his state court proceedings,

8  commencing **thirty (30) days** from the date of this Order and continuing every **ninety (90) days**

9  thereafter until his state court proceedings are terminated.  He must also attach to his status reports

10  copies of the cover page of any document that he files with or receives from the state courts relating

11  to the claims.

12  The Clerk of the Court shall ADMINISTRATIVELY CLOSE the file pending the stay of this

13  action.  Nothing further will take place in this action until Petitioner receives a final decision from

14  the highest state court and, within **thirty (30) days** of doing so, moves to reopen the action, lift the

15  Court's stay and amend the stayed petition to add the newly-exhausted claims.

16  Petitioner's application to proceed in forma pauperis (docket no. 4) is GRANTED.

17  This Order terminates Docket nos. 3 and 4.

18  IT IS SO ORDERED.

19  DATED:   6/20/12

SAUNDRA BROWN ARMSTRONG
20  United States District Judge

21

22

23

24

25

26

27

28

G:\PRO-SE\SBA\HC.12\Ashley1618.grantIFP&stay(mixed).wpd          3

**United States District Court**
For the Northern District of California

UNITED STATES DISTRICT COURT
FOR THE
NORTHERN DISTRICT OF CALIFORNIA

AARON ASHLEY,

               Plaintiff,

  v.

TIM VIRGA et al,

               Defendant.

_____/

Case Number: CV12-01618 SBA

**CERTIFICATE OF SERVICE**

I, the undersigned, hereby certify that I am an employee in the Office of the Clerk, U.S. District Court, Northern District of California.

That on June 21, 2012, I SERVED a true and correct copy(ies) of the attached, by placing said copy(ies) in a postage paid envelope addressed to the person(s) hereinafter listed, by depositing said envelope in the U.S. Mail, or by placing said copy(ies) into an inter-office delivery receptacle located in the Clerk's office.

Aaron Ashley AA3143
California State Prison - Solano
P.O. Box 4000
Vacaville, CA 95696-4000

Dated: June 21, 2012

Richard W. Wieking, Clerk
By: Lisa Clark, Deputy Clerk

**United States District Court**
For the Northern District of California